[No. C. D. 1873. *En Banc.* May 14, 1953.]

*In re Disciplinary Proceedings against E. W. KING, an Attorney at Law.*[1]

*A. Vernon Stoneman,* for board of governors.

DONWORTH, J.—The Washington state bar association, by complaint verified by its president, charged respondent, E. W. King, who as a member of the bar of this court has engaged in the practice of law at Walla Walla since 1933,

[1]Reported in 257 P. (2d) 219.

with six acts of embezzlement of certain funds belonging to his clients.

Pursuant to Rule for Discipline of Attorneys 13, 34A Wn. (2d) 185, a copy of the complaint, together with a notice requiring him to appear and answer the complaint within ten days after service of the documents, was personally served upon respondent in Walla Walla county on March 21, 1952.

Respondent filed no pleading of any kind in response to this notice and has made no appearance personally or by counsel at any stage of this proceeding.

The board of governors referred the matter to a trial committee, which, after notice to respondent, held a hearing in Walla Walla on May 27, 1952. Respondent did not appear at the hearing, although the evidence showed that he was seen on the street in Walla Walla the day prior to the hearing. Testimony was presented to the committee relative to the six acts of embezzlement charged in the complaint.

As a result of this hearing, the trial committee made a report to the board of governors, in which it found that respondent had converted to his own use funds belonging to five of his clients as follows:

| | |
|---|---|
| Guardian of A. E. Griffin, an incompetent person | $3949.10 |
| Executrix of the Estate of Sam Ferris, deceased | 1600.00 |
| Executor of the Estate of Catherine Reever, deceased | 850.00 |
| Floyd R. Munroe in satisfaction of note payable to John E. Crowe | 1700.00 |
| Marville Zerba and wife to be paid to Washington Children's Home Society | 350.00 |
| Total | $8449.10 |

(Restitution was made on the second item in the amount of $950, but none was made regarding the other items.)

With respect to the sixth charge in the complaint, to wit, that as coexecutor of his father's estate respondent had embezzled $1,500, the trial committee found, in part, as follows:

"At the time of hearing final account and petition for distribution in the matter of the estate of S. E. King, the heirs at law and distributees were represented by counsel

and at that time they received from respondent their respective shares of the estate property and signed receipts for property received by them from respondent; that the attorneys for said heirs at law and distributees were unable to advise and enlighten the Trial Committee as to whether the respondent had accounted for all estate funds; that it appears difficult from the record to trace specifically the $1500.00 check hereinbefore referred to or any other funds belonging to said estate; that notwithstanding the respondent's unjustifiable conduct and handling of said estate funds and notwithstanding the apparent commingling of estate funds, your Trial Committee is unable to specifically find that said respondent converted estate funds to his own use."

The committee's report concluded with the unanimous recommendation that respondent be permanently disbarred from the practice of law.

A copy of this report was served upon respondent personally in Walla Walla county on June 21, 1952, in accordance with Rule for Discipline of Attorneys 31, 34A Wn. (2d) 192.

The board of governors reviewed the record made before the trial committee and its report as provided in Rule for Discipline of Attorneys 43, 34A Wn. (2d) 196, and thereafter transmitted all the pertinent documents to this court, together with the board's report and recommendation wherein it concurred in, and approved of, the committee's recommendation.

Upon the filing thereof in this court, the clerk complied with the provisions of Rule for Discipline of Attorneys 44, 34A Wn. (2d) 196, by mailing a copy of the board's report and recommendation to respondent at his last known post office address. Respondent filed no objections to the board's report and recommendation within thirty days thereafter or at all.

On February 10, 1953, the clerk wrote to respondent advising that the matter would be heard by this court on March 10, 1953. On that date, the matter was heard by the court *En Banc*. Respondent submitted no brief, and no one appeared to present any oral argument on his behalf.

We have examined the record and are of the opinion that the findings of the trial committee are amply sustained by the evidence. We approve these findings and also the report and recommendation of the board of governors.

Respondent has committed five acts of embezzlement which obviously involve serious moral turpitude and dishonesty. Under Rule for Discipline of Attorneys 10, 34A Wn. (2d) 183, an attorney may be reprimanded, suspended or disbarred for any of the following causes:

"(3) Violation of his oath as an attorney, or of his duties as an attorney and counselor. . . .

"(6) For the commission of any act involving moral turpitude, dishonesty, or corruption, whether same be committed in the course of his relations as an attorney or counselor at law, or otherwise, and whether the same constitute a felony or misdemeanor, or not; and if the act constitute a felony or misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to disbarment or suspension from practice therefor. . . .

"(11) Violation of the ethics of the profession. The Code of Ethics adopted by the Supreme Court of the State of Washington shall be the standard of ethics for the members of the bar of this state."

By his conduct, respondent has not only violated all three of the causes for discipline quoted above but also has brought disgrace upon himself and upon the legal profession. He is obviously unfit to be permitted to continue the practice of law.

It is, therefore, hereby ordered that respondent, E. W. King, be, and he hereby is, permanently disbarred from the practice of law in the state of Washington and that his name be stricken from the roll of attorneys.

Since respondent has made no appearance in this proceeding at any stage and by his default herein has failed to interpose any defense to the serious charges preferred against him by the board of governors, we are of the opinion that the protection of the public requires this order become effective immediately upon the filing of this opinion. It is so ordered.

ALL CONCUR.